# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:19-cr-00060-MR-WCM-3

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLES MICHAEL LEDFORD, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Leave to File Sealed Materials [Doc. 166].

The Defendant, through counsel, moves the Court for leave to file an unredacted Sentencing Memorandum [Doc. 165] under seal in this case. For grounds, counsel states that the unredacted portions of the memorandum contain confidential and private personal information relating to the Defendant's family. [Doc. 166].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on January 29, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Defendant also filed a redacted version of the memorandum and unredacted exhibits thereto that are accessible to the public. [See Doc. 164, 164-1, 164-2, 164-3, 164-4, 164-5, 164-6, 164-7, 164-8, 164-8, 164-9]. Further, the Defendant has demonstrated that the unredacted memorandum contains sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the unredacted Sentencing Memorandum is necessary to protect the Defendant's privacy interests.

Upon review of the Defendant's unredacted Sentencing Memorandum, the Court finds that the unredacted portions of the Sentencing Memorandum contain case material and information of the nature that is ordinarily sealed

and appropriate to be shielded from public access. See <u>United States v. Harris</u>, 890 F.3d at 492.

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file an unredacted Sentencing Memorandum under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Leave to File Sealed Materials [Doc. 166] is **GRANTED**, and the Defendant's unredacted Sentencing Memorandum [Doc. 165] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: February 28, 2020

Martin Reidinger
United States District Judge