IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00233-MR
CRIMINAL CASE NO. 1:19-cr-00060-MR-WCM-3

| | |
|---|---|
| CHARLES MICHAEL LEDFORD, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | ORDER |

**THIS MATTER** is before the Court on the Petitioner's pro se Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) [Doc. 11].

The Petitioner, proceeding pro se, filed this action pursuant to 28 U.S.C. § 2255 arguing that counsel was ineffective for failing to object to sentencing enhancements. [Doc. 1]. The Court dismissed and denied the Motion to Vacate on August 28, 2021, finding that the Petitioner's claim was vague and conclusory, and conclusively refuted by the record. [Doc. 2]. The Court further noted that the Petitioner did not appear to argue that these enhancements rendered his plea involuntary and, even if he were to raise such a claim, it was conclusively refuted by his own sworn statements at the

Rule 11 hearing. [Id. at 2, n.3]. On February 22, 2022,[1] the Petitioner filed a Motion to reopen the time to appeal, which this Court granted on March 22, 2022. [Doc. 9]. On appeal, the Petitioner asked the Fourth Circuit Court of Appeals to grant him a certificate of appealability, and to remand the case to this Court to allow him to amend his Motion to Vacate so that he could argue that: (1) counsel was ineffective for advising him to sign the Factual Basis that admitted disputed material facts that caused him to reject the first plea offer, and circumscribed his ability to meaningfully object to several guideline enhancements; and (2) counsel was ineffective for failing to advise him to enter an open plea that would preserve his ability to challenge the guideline range, his right to appeal those enhancements, and his right to pursue collateral review. [Fourth Cir. Case No. 22-6248, Doc. 7-2]. The Fourth Circuit denied a certificate of appealability and dismissed the Petitioner's appeal on June 28, 2022. United States v. Ledford, 2022 WL 2314604 (4th Cir. June 28, 2022). A petition for writ of certiorari was docketed in the U.S. Supreme Court on September 28, 2022. U.S. Supreme Court Case No. 22-5703.

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

The Petitioner filed the instant Rule 60(b) Motion on August 8, 2022. [Doc. 11]. He asks the Court to vacate its August 28, 2021 Judgment, so that he can file an Amended Motion to Vacate in which he would raise the same ineffective assistance claims that he identified in his appeal.

A motion to amend filed after a judgment of dismissal cannot be resolved unless the court first vacates the judgment, pursuant to Rule 59 or 60 of the Federal Rules of Civil Procedure. See ChargePoint, Inc. v. SemaConnect, Inc., 920 F.3d 759, 776 (Fed. Cir. 2019); Calvary Christian Ctr. v. City of Fredericksburg, 710 F.3d 536, 539 (4th Cir. 2013) (collecting cases); Laber v. Harvey, 438 F.3d 404, 426-29 (4th Cir. 2006) (*en banc*). In assessing if vacatur is warranted, a court "need not concern itself with either of those rules' legal standards." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). Rather, the "court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Id. That is, "a court should evaluate a postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered – for prejudice, bad faith, or futility." Id.; Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (same). Futility is apparent if the proposed

3

Case 1:19-cr-00060-MR-WCM   Document 242   Filed 10/31/22   Page 3 of 8

amended complaint fails to state a claim under the applicable rules and accompanying standards. Id.

Here, vacatur is not warranted because amendment would be futile. The Petitioner now contends that counsel was ineffective for misadvising him to enter the Plea Agreement and Factual Basis because *inter alia*: counsel knew that the Petitioner was unwilling to admit the firearm and obstruction enhancements which led him to reject the original plea offer; counsel misadvised Petitioner that the Plea Agreement removed the disputed enhancements; counsel misadvised him to accept the Factual Basis, which contained all the "factual ingredients" to support those enhancements and essentially breached the Plea Agreement's provision that the parties could argue any other specific offense characteristics and enhancements, etc.; and reasonable counsel would have advised the Petitioner to enter an open guilty plea. [Doc. 11 at 2, 14-17]. The Petitioner claims that he was prejudiced by the foregoing because the Plea Agreement and Factual Basis: did not benefit him; prevented him from challenging drug weight, drug quantity, sentencing enhancements, and guideline range; and resulted in the waiver of his appellate and post-conviction rights. [Id. at 17].

4

The right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process.[2] See Missouri v. Frye, 566 U.S. 134 (2012). Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during that process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (internal quotation marks omitted); Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To demonstrate prejudice, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007). Put differently, a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

---

[2] The Court set forth the § 2255 standard of review and the general ineffective assistance of counsel standard in its August 28, 2021 Order. [See Doc. 2 at 10-12].

The record[3] conclusively demonstrates that the Petitioner entered his guilty plea knowingly and voluntarily, with a full understanding of its consequences; he pleaded guilty because he is guilty; that counsel performed to the Petitioner's satisfaction; that he understood and accepted all the terms of the Plea Agreement; that he admitted that the Factual Basis was true and accurate, and could have been proven by the Government beyond a reasonable doubt at a trial; and that he voluntarily waived his appellate and post-conviction rights except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at 6-7]. His present self-serving and unsupported contentions that counsel misled him about the Plea Agreement and/or Factual Basis, and that his plea was not knowing and voluntary, are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly

---

[3] The Court summarized the criminal proceedings, including the Plea Agreement, Factual Basis, Rule 11 hearing, and sentencing hearing in its August 28, 2021 Order. [See Doc. 2 at 1-7].

conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'"); [see also Doc. 2 at 17, n.3 (noting that any suggestion that the guilty plea was involuntary is conclusively refuted by Petitioner's own sworn statements to the contrary)].

The Petitioner also has failed to demonstrate that counsel's allegedly deficient performance prejudiced him. He does not claim that he would not have pleaded guilty but for counsel's allegedly ineffective assistance and he does not seek to withdraw his guilty plea. He appears to claim only that he would have entered an open guilty plea absent counsel's deficient performance. It would not have been rational for the Petitioner to proceed to trial in light of the strong evidence of his guilt as set forth in the Factual Basis, and the benefits he obtained by pleading guilty, i.e., the Government's recommendation that he receive a three-level reduction in offense level for acceptance of responsibility [see CR Doc. 106 at ¶ 7(c)], and leaving open the possibility of cooperation and substantial assistance [see id. at ¶ 21], notwithstanding the Petitioner's obstructive conduct. See generally United States v. Hudson, 272 F.3d 260, 263-64 (4th Cir. 2001) (noting that the obstruction of justice enhancement ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct, outside of extraordinary cases where both may apply) (citing USSG § 3E1.1,

application note 4); United States v. Rodriguez, 152 F. App'x 278 (4th Cir. 2005) (by threatening several witnesses, defendant violated his plea agreement and relieved the government of any obligation to move for a downward departure).

Because the Petitioner's claim that ineffective assistance of counsel rendered his guilty plea involuntary is conclusively refuted by the record, amendment would be futile and the Petitioner's Motion is denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's pro se Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) [Doc. 11] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge